## 30178. BILLINGSLEY *v.* FIRESTONE TIRE & RUBBER COMPANY.

DECIDED NOVEMBER 12, 1943.

*Sam G. Dettelbach,* for plaintiff.
*Neely, Marshall & Greene,* for defendant.

STEPHENS, P. J.    J. Q. Billingsley brought suit in the civil court of Fulton County against Firestone Tire & Rubber Company to recover $2057.37, as unpaid wages for overtime, liquidated damages, and attorney's fee.    The suit was brought under the fair-labor standards act of 1938, and alleged that the plaintiff's employment with the defendant was within the purview of and subject to the wage and hour provisions of the act, in that the defendant-employer was engaged in the manufacture and distribution of automobile tires and tubes at wholesale and retail, part of which business was in interstate commerce, and that the plaintiff, in the performance of the duties of his employment for the defendant, worked in interstate commerce.    The defendant denied liability, and alleged that it operated a retail store in Atlanta, Georgia, and that the plaintiff was employed as a porter and tire changer in and about its retail establishment.    It appeared from the evidence that the defendant did operate a retail establishment, at which the plaintiff worked, wherein it sold gasoline and allied petroleum products, and also sold automobile tires; and that it maintained a recapping service, and customers brought used tires to the Atlanta store, from which the tires were shipped to Tennessee, and there recapped and shipped back to the defendant in Atlanta.    It also appeared that the plaintiff, in the performance of his work for the defendant, handled some of the tires both before and after they were sent out of the State for recapping.    However, the evidence does not disclose how much time the plaintiff devoted to this kind of work.    The evi-

dence entirely fails to show how many hours per day, or how many days per week, or even approximately how much of the plaintiff's time devoted to his work for the defendant was employed in this recapping service, or in handling the tires before and after shipment.

The trial judge, sitting without a jury, at the conclusion of the evidence for the plaintiff, sustained the defendant's oral motion for a nonsuit. To the judgment granting a nonsuit the plaintiff excepted.

"Any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce" does not fall within the provisions of the Federal fair-labor standards act. 29 U. S. C. A. § 213 (a) 2. In a suit by an employee against his employer to recover for wages provided under the act, where the employee works in both interstate and intrastate commerce, he must point out what part of his work was in intrastate, and what part in interstate commerce. Super-Cold Southwest Company v. McBride, 124 Fed. (2d) 90.

The evidence in this case fails to show with any degree of definiteness what services or selling were performed by the plaintiff-employee in either interstate or intrastate commerce. The incidental transactions in interstate commerce performed by the plaintiff on behalf of the defendant are insufficient to establish what amount of selling or servicing was performed in interstate commerce.

The court did not err in granting a nonsuit.

*Judgment affirmed. Sutton and Felton, JJ., concur.*